An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

VETSALETTE SCHIMMOELLER,
Appellant,
vs.
US BANK NATIONAL ASSOCIATION,
Respondent.

No. 59604

FILED

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying injunctive relief. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant and respondent attended a mediation under Nevada's Foreclosure Mediation Program (FMP) at which respondent agreed to give appellant several months to pursue a short sale of the subject property. After the agreed-upon period had expired, respondent obtained an FMP certificate from the FMP administrator and recorded a notice of trustee's sale. Thereafter, appellant filed the underlying complaint, alleging generally that respondent acted in bad faith and asking the district court to enjoin the trustee's sale. The district court denied appellant's request for injunctive relief, reasoning that because appellant would be divested of title to the subject property either by short sale or foreclosure, she was unlikely to suffer harm for which compensatory damages would be inadequate. *See Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters., LLC*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009) (indicating that this is one of two elements that must be established to demonstrate that preliminary injunctive relief is appropriate). This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28088

Having considered the parties' arguments and the record on appeal, we conclude that the district court was within its discretion to deny appellant's request for injunctive relief. *See id.* (reviewing a district court's decision to grant or deny a preliminary injunction for an abuse of discretion). Namely, although appellant argues that she has a right to sell her property, she has not explained why monetary damages would be inadequate to compensate her for a violation of this professed right.[1] Accordingly, the district court was within its discretion to deny appellant's request for injunctive relief, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                 Saitta

_____

[1]Although appellant suggests in her reply brief that a foreclosure sale will cause her irreparable harm by damaging her credit, this point was not raised in district court, and it therefore has no bearing on our consideration of whether the district court properly exercised its discretion. *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 721, 100 P.3d 179, 187 (2004) ("Review on appeal is limited to the record . . . ."); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

[2]In light of our disposition, we decline to address respondent's alternative arguments in support of affirmance. Likewise, the stay imposed by our April 3, 2012, order is hereby vacated.

cc: Hon. Michael Villani, District Judge
Law Offices of Michael F. Bohn, Ltd.
Tiffany & Bosco, P. A.
Eighth District Court Clerk